## THE STATE OF IOWA v. HARRIS.

1. BELLEVUE: REPEAL. So much of the act incorporating the town of Bellevue, approved February 5th, 1851, as relates to the subject of intoxicating liquors, was repealed by the Code, which was enacted at the same session.
2. WHAT LAWS REPEALED. All public and general laws enacted prior to, and at, the session of the General Assembly of 1851, the subjects of which are revised by, or which are repugnant to, the Code of 1851, were by said Code repealed.

*Appeal from Jackson District Court.*

SATURDAY, JUNE 9.

THE facts are stated in the opinion of the court.

*Spurr* for the appellant.

*S. A. Rice,* Attorney General, for the appellee.

LOWE, C. J.—This was a proceeding against the defendant, a citizen of Bellevue, Jackson county, for a violation of "an Act for the suppression of intemperance," approved January 22d, 1855. A special justification or defense is pleaded to the effect that if the defendant sold any intoxicating liquors, it was within the corporate limits of the city of Bellevue, whose charter, granted by the legislature in February, 1851, clothes the president and trustees of said town with powers, among other things, to regulate the traffic in liquors; that an ordinance to that effect was passed the following year, prohibiting the sale of liquors except under a license to be granted, &c. Without alleging that he had obtained license, the defendant claims that he is only amenable to the ordinances of said town and not to the general laws of the State; and he now asks this court to reverse the decision of the court below, sustaining a demurrer to this plea. There are several very conclusive reasons to our minds why this request should not be granted, and while we would award to the counsel for the defendant, credit for much astuteness and ability in attempting to establish the validity of his defense, yet we must be excused from noticing the different points made in his argument. We are satisfied that so much of the act incorporating the town of Bellevue as relates to the subject of intoxicating liquors, was repealed, not by implication, but expressly by the 28th and 36th sections of the Code. These sections are not limited to the repeal of public and general acts passed prior to the session of the General Assembly at which the Code was adopted, but include all public and special acts passed at the same session, the subjects of which are revised in, or are repugnant to, the provisions of the Code.

If this town charter was, and is, a public law, (and this the last section of the act declares,) and if its provisions on the subject of intoxicating drinks are repugnant to the law of the Code, of which there can be no doubt, then the discussion is at an end, and we do not feel that we are required to

give additional reasons why this defense was properly over-ruled.

Judgment affirmed.